## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELTON LACOUR** | **CIVIL ACTION** |
| **VERSUS** | **05-1518** |
| **LNR ARBOR MILLHOUSE, LLC** | **SECTION "T"(5)** |

The defendant, LNR Arbor Millhouse, LLC ("LNR"), filed a Motion to Dismiss pursuant to FRCP Rule 4(M) and Louisiana Rule of Civil Procedure Art. 1201 (C), which came before the Court for hearing on August 10, 2005. Oral argument was waived by the parties and the matter was taken under submission on the briefs only. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, and the failure of the plaintiff to file an opposition to the Motion to Dismiss, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

### I. BACKGROUND

On July 2, 2004, the plaintiff filed his Petition for Damages in Civil District Court for the Parish of Orleans. Service was requested on the defendant, however, payment of costs was not

made until March 16, 2005, and the defendant was not served with the Citation and Petition until April 25, 2005.  The defendant now seeks dismissal of plaintiff's suit.

## II.     LAW AND ANALYSIS

The defendant asserts that dismissal of plaintiff's Petition for Damages is mandatory because service of process was not made within 120 days, as required pursuant to Federal Rule of Civil Procedure 4(m).  However, because the plaintiff's Petition was filed in Orleans Parish Civil District Court and removed to federal court after service was made, F.R.C.P. 4(m) does not apply to plaintiff's Petition for Damages.

The defendant also asserts that dismissal of plaintiff's Petition is mandatory pursuant to Louisiana Rule of Civil Procedure Article 1201(C), Article 925 and Article 932.  Article 1201(C) states, "service shall be **requested** on all named defendants within ninety days of commencement of the action." (Emphasis added.)   In the instant matter, service was requested on July 2, 2004 and the plaintiff contends that he believed that the cost of service was included in the filing fee paid to the Clerk of Court of the Civil District Court for the Parish of Orleans.  A statement from the Orleans Parish Civil Sheriff, dated January 3, 2005, and addressed to plaintiff's counsel at an incorrect address was received by counsel in March, 2005, at which time the fee for service of process was immediately paid.

The defendant argues dismissal of plaintiff's cause of action is mandatory pursuant to Articles 925 and 932.  Article 925 provides that insufficiency of service of process may be raised though a declinatory exception.  Article 932 provides that if grounds for declinatory exception cannot be removed by amendment of the petition, the action shall be dismissed.

However, Article 1672(C), which addresses the failure to request service of process within ninety days pursuant to Article 1201(C), provides:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not bee requested within the time prescribed by Article 1201(C), ...unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

While the defendant contends that the plaintiff has no good grounds for failure to timely effect service, the plaintiff argues, and this Court agrees, that it has shown good cause why the cost of service of process was not paid within the ninety days. Plaintiff believed that the fee for service was paid at the time of the filing. Upon discovery that the fee had, in fact, not been paid, plaintiff immediately paid the fee and service was made.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss, filed on behalf of the defendant, LNR Arbor Millhouse, LLC, be and the same is hereby **DENIED.**

New Orleans, Louisiana, this 16th day of August, 2005.

_____
G. THOMAS PORTEOUS, JR.
**UNITED STATES DISTRICT JUDGE**